<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF**,

Petitioners,

v.

**L GREEN, LLC**,

Respondent.

Civil Action No. 25-7403 (ZNQ) (JTQ)

**OPINION**

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon the Petition and Motion to Confirm the Arbitration Award (the "Motion," ECF Nos. 1, 2) filed by Petitioner New Jersey Building Laborers Statewide Benefit Funds and the trustees thereof ("Petitioners"). Petitioners did not file a Memorandum of Law in Support of its Motion, and Respondent L Green, LLC ("Respondent") did not file opposition.

The Court has carefully considered the Petitioners' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Petitioners' Motion to Confirm the Arbitration Award.

**I.     BACKGROUND**

This action arises from a collective bargaining agreement (the "Agreement") between Petitioners and Respondent. The Agreement requires, among other things, that Respondent makes

1

certain contributions to the Petitioner Funds. In the event a dispute arises regarding Respondent's contributions, the Agreement compels the parties to submit the dispute to arbitration. Such a dispute arose in this matter and was duly submitted to the Arbitrator for resolution.

On April 29, 2025, J.J. Pierson, Esq. (the "Arbitrator") entered an award (the "Arbitration Award") in favor of Petitioners and ordered Respondent to pay as follows:

- To the Petitioner Funds' contributions for the period of delinquency, August 19, 2024, through August 25, 2024, in the sum of $2,403.72, plus $288.45 in interest. (*See* Petition to Confirm Arbitration Award (ECF No. 1), at Ex. D, ¶¶ 2, 4, 7.)

- To the Petitioner Funds, liquidated damages of $480.74. (*Id.* ¶ 7.)

In addition, the Arbitrator ordered Respondent to pay counsel in this matter, Kroll Heineman Ptasiewicz & Parsons, $578.34. Finally, Respondent was ordered to reimburse the Petitioner Funds for the Arbitrator's fee of $800.00.

On June 5, 2025, Petitioners timely filed their Motion pursuant to the Federal Arbitration Act (the "FAA"). *See* 9 U.S.C. § 9 (establishing a one-year limitations period for litigants to request judicial confirmation of an arbitration award). Respondent has not appeared in the matter nor responded to Petitioners' submissions.[1] The three-month period in which Respondent could have moved to vacate, modify, or correct the Arbitration Award has expired. Thus, Petitioners' Motion is ripe for disposition. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct

---

[1] Petitioners' counsel has certified that copies of the Petition and Motion have been served on Respondent via certified mail and first-class mail. (*See* ECF No. 2-4.) Because the address to which these materials were sent is the same as that contained in the Employer Trade Agreement Report (ECF No. 1, Ex. C), the Court concludes that service was properly effectuated under the FAA. *See* 9 U.S.C. § 9 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mailing to party's "last known address—in which event service is complete upon mailing"). A Respondent need not appear in the matter for the Arbitration Award to be confirmed, provided sufficient service has been made. *See* 9 U.S.C. § 9 ("Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.").

an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

## II. LEGAL STANDARD

Within one year after the entry of an arbitration award, "any party to the arbitration may apply to [a district court in the district where the award was made] for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "Courts play a very limited role in reviewing the decision of an arbitrator appointed pursuant to a collective bargaining agreement." *Citgo Asphalt Refining Co. v. PACE Int'l Union, Local No. 2-991*, 385 F.3d 809, 815 (3d Cir. 2004).

A court reviews an arbitration award "under an 'extremely deferential standard,' the application of which 'is generally to affirm easily the arbitration award.'" *Hamilton Park Health Care Ctr. v. 1199 SEIU United Healthcare Workers E.*, 817 F.3d 857, 861 (3d Cir. 2016) (quoting *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003)).

"There is a strong presumption under the FAA, 9 U.S.C. § 1, *et seq.*, in favor of enforcing arbitration awards." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005). Courts will vacate an award only under the "exceedingly narrow circumstances" listed in 9 U.S.C. § 10(a). *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013). Additionally, a court may refuse to enforce an award that violates law or a "well-defined and dominant" public policy. *Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 360 (3d Cir. 1993). "[A] court's refusal to enforce an arbitrator's interpretation of [a] contract as interpreted would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 434

(1987) (quoting *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 766 (1983) (internal quotation marks omitted)).

### III. DISCUSSION

Here, the Court finds that the Arbitration Award was duly entered. It reflects the Arbitrator's consideration of the evidence before him, reaches a logical conclusion, and does not otherwise evince any basis for rejection. *See Loc. 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533–34 (3d Cir. 1985). Moreover, Respondent has not moved to vacate, modify, or correct the Arbitration Award. *See Laborers' Loc. Union Nos. 472 & 172 & Laborers' Loc. Union Nos. 472 & 172 Welfare & Pension Funds & Safety, Educ. & Training Funds v. Mike Fitzpatrick Contractors*, Civ. No. 24-516, 2024 WL 2974262, at *3 (D.N.J. June 13, 2024) (confirming arbitration award where respondent failed to enter an appearance or otherwise respond to submissions). Therefore, the Court must confirm the Arbitration Award.

### IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Confirm the Arbitration Award (ECF No. 2) will be **GRANTED**. An appropriate order will follow.

Date: January 22, 2026

                                        s/ Zahid N. Quraishi
                                        **ZAHID N. QURAISHI**
                                        **UNITED STATES DISTRICT JUDGE**